**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782

September 25, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Christy Y. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2330-BAH

Dear Counsel:

Before the Court is a motion by Lawrence P. Demuth, Esq., requesting attorney's fees pursuant to the Social Security Act ("the Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff Christy Y. in a Supplemental Security Income Appeal before this Court. ECF 19, at 1. Mr. Demuth also notes that that the entire amount this Court awarded to Plaintiff pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, was garnished. *Id.* As such, Mr. Demuth argues that no EAJA reimbursement is warranted in this case. *Id.* The Social Security Administration ("SSA") "neither supports nor opposes counsel's request for attorney's fees" but asks the Court to consider whether the requested amount of $6,954.21 constitutes a reasonable fee. ECF 21, at 1. No reply was filed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, the motion for attorney's fees is GRANTED.

On April 22, 2022, Plaintiff's case was remanded with consent of the parties for further administrative proceedings. ECF 15. Plaintiff subsequently received a favorable decision following a second hearing before an administrative law judge ("ALJ"). ECF 19-1, at 1. Plaintiff later received an Award Notice, in which she was awarded past due benefits in the amount of $27,816.84. ECF 19-3, at 2. Mr. Demuth has filed a Motion for Attorney's Fees, seeking to collect twenty-five percent of that amount ($6,954.21). ECF 19, at 1.

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Further, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case, and the attorney's typical hourly billing charge. *Id.*

Here, it is uncontested that Mr. Demuth and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Demuth twenty-five percent of all retroactive benefits to which Plaintiff might become entitled. ECF 16-7, at 1. Mr. Demuth submitted a

*Dean W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-957-BAH
September 25, 2023 Letter Opinion
Page 2

timesheet reflecting that his firm spent a total of nineteen hours and nine minutes before this Court related to Plaintiff's case. ECF 16-8, at 1. If Mr. Demuth receives the full amount of fees he requests, his fee for representation before this Court will effectively total $363.14 per hour ($6,954.21/19.15 hours). Mr. Demuth must therefore show that an effective rate of this amount is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Demuth previously filed a declaration reflecting that he has been practicing law for over fifteen years. ECF 16-7, at 2. As such, Mr. Demuth's request for $363.14 per hour falls within the hourly rate range that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court. *See* Loc. R. App. B (D. Md. 2023).[1] Further, this Court has routinely approved contingency fee agreements that produce higher hourly rates in successful Social Security appeals. *See, e.g., Kim P. v. Saul*, Civil No. DLB-18-2056 (D. Md. July 13, 2020) (approving contingency fee agreement with effective hourly rate $440.59); *Geneva W. v. Comm'r, Soc. Sec. Admin.*, Civil No. DLB-18-1812, 2020 WL 2732224 (D. Md. May 26, 2020) (approving contingency fee agreement with effective hourly rate $422.36); *Debra J. v. Comm'r, Soc. Sec. Admin.*, Civil No. DLB-17-2904 (D. Md. Feb. 5, 2020) (approving contingency fee agreement with effective hourly rate $1,000.00). Thus, the requested fee in this case is reasonable and should be approved.

For the reasons set forth herein, this Court GRANTS Mr. Demuth's motion seeking attorney's fees in the amount of $6,954.21. ECF 19, at 1. Since Mr. Demuth affirmed that the amount this Court awarded him pursuant to the EAJA was garnished, he need not reimburse plaintiff any of the amount awarded to him under the EAJA. *See Adrianne F. v. Saul*, Civil No. DLB-18-3191, 2021 WL 3634177, at *1 (D. Md. Aug. 17, 2021).

A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge

---

[1] Although they do not explicitly govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in other types of cases are instructive in evaluating the reasonableness of the effective hourly rate here. For attorneys "admitted to the bar for [between] fifteen (15) to nineteen (19) years," like Mr. Demuth, the presumptively reasonable hourly rate is between $275 and $425 per hour. Loc. R. App. B (D. Md. 2023). Mr. Demuth's stated hourly billing rate of $350.00 falls within this range. *See* ECF 16-7, at 2.